# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OZSTAR DE JOURDAY,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>JP MORGAN CHASE BANK, N.A., etc., et al.,<br><br>　　　　　　Defendants. | CASE NO. 11cv1052-LAB (MDD)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO APPEAL** |

The Court dismissed De Jourday's claims with prejudice on December 16, 2011. Under Fed. R. App. P. 4(a)(1)(A), he had 30 days, or until January 15, 2012, to file a notice of appeal. He missed that deadline. But three weeks after it had passed, on February 7, 2012, De Jourday filed a motion for an extension of time to file a notice of appeal.

What is De Jourday's explanation for the delay in filing a notice of appeal? He didn't know there was a time limit. Why? When the Court dismissed his claims, his lawyer told him she didn't handle appeals. Why didn't he seek appellate counsel *then*? The parties continued to negotiate a settlement and he thought they'd reach one. It wasn't until a settle-

//
//
//
//

ment agreement was drafted and presented to him, however, that he realized they wouldn't, and by that time the 30-day window to appeal had closed.[1]

De Jourday doesn't come out and say that his trial counsel didn't tell him he had 30 days to appeal. Instead, he says that he wasn't advised of the deadline to file a notice of appeal until it had passed, without making it clear when, or from whom, he learned of Rule 4(a)(1)(A).[2] De Jourday first contacted appellate counsel, Gordon & Rees, on January 21, 2012. It took that firm about a week to run a conflicts check and determine it couldn't represent him. He retained his current appellate counsel, Pettit Kohn Ingrassia & Lutz, on February 7, 2012. Presumably, De Jourday learned from Gordon & Rees on or around January 21, 2012 that he only had 30 days from December 16, 2011 to file a notice of appeal.

The Court can extend De Jourday's time to file a notice of appeal, but only if he shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5). In looking for excusable neglect, the Court considers the factors identified by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). Those factors include: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *Id.* at 855. The Ninth Circuit last considered the *Pioneer* factors in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). The court acknowledged that it and other circuits were somewhat confused in applying them, and it ultimately held that excusable neglect is an elastic concept that's better committed to the sound discretion of a district court than some set of per se rules. *Id.* at 860.

//

---

[1] The Court is somewhat suspicious of this explanation. Once the Court dismissed De Jourday's claims, JP Morgan had *prevailed*. It had no real incentive to settle absent some indication from De Jourday that he would appeal. On the other hand, JP Morgan does not contest De Jourday's account in its opposition brief.

[2] That's also suspicious. The Court has a hard time believing that De Jourday's trial counsel told him she didn't handle appeals and left it at that. If that's actually what happened, though, the Court would expect De Jourday to specifically say so in his supporting declaration.

In Judge Berzon's concurrence in *Pincay*, she suggested that "*Pioneer . . .* indicates that a district court may find neglect 'excusable' if it is caught quickly, hurts no one, and is a real mistake, rather than one feigned for some tactical reason . . . ." *Id.* at 860 (Berzon, J., concurring). The Court agrees with that reading of *Pioneer*. The problem, though, is that De Jourday's brief and supporting declaration don't convince the Court that he isn't just playing hardball and doing whatever it takes to stay in his home. First, he doesn't say, in unambiguous terms, that his trial counsel Fanny Cheng made no mention whatsoever of a 30-day window to file a notice of appeal when she told him she wasn't an appellate lawyer. Second, he doesn't say exactly when, or from whom, he learned that he'd missed the deadline to file a notice of appeal. Third, he provides no evidence that even after the Court granted JP Morgan's motion to dismiss, settlement discussions continued and he was eventually presented with a settlement agreement. If this is true, there must be some paper record of it. If De Jourday can declare that Ms. Cheng said nothing about a deadline to file a notice of appeal, and if he can prove that settlement discussions with JP Morgan continued throughout his 30-day window to file a notice of appeal, the Court *might* be inclined to find "excusable neglect" under the *Pioneer* factors. If he can't, however, the Court will have a much harder time making that finding.[3]

//
//
//

---

[3] The Court should say that it doesn't find JP Morgan's arguments against an extension to be highly persuasive, either. One, JP Morgan quotes *Pioneer* for the proposition that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,'" but the actual quote begins with the word "Although" and ends with the recognition that excusable neglect "is a some-what 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. Two, JP Morgan cites *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994), but that case was decided a decade before *Pincay* and the Court in *Pincay* recognized its approach as narrow and confused. *Pincay*, 389 F.3d at 857. Three, JP Morgan argues that under *Pincay* a mistake of law is not excusable, when in fact the court said "a lawyer's mistake of law in reading a rule of procedure is not a compelling excuse" and in context was actually distancing itself from the efforts of sister circuits "to fashion a rule making a mistake of law per se inexcusable under Rule 4." *Id.* at 860–61.

De Jourday's motion is **DENIED WITHOUT PREJUDICE**. Within one week from the date this Order is entered, he must file a supplemental declaration, and a short brief if he chooses, that tells a more exact story of how he missed the 30-day window to file a notice of appeal under Fed. R. App. P. 4(a)(1)(A). De Jourday is a sophisticated real estate agent in La Jolla. If he wants the Court to believe that he sincerely thought he could appeal the Court's December 16 order at any time, he must provide a richer account of the facts than he has. JP Morgan needn't file any additional brief on this matter.

**IT IS SO ORDERED**.

DATED: March 15, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge